UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                                Case No. 14-20756

STEPHEN OMAR DURRANT,                           HON. AVERN COHN

    Defendant/Petitioner.
_____/

## ORDER DENYING MOTION TO CORRECT THE RECORD (Doc. 154)

I.

This is a criminal case. Defendant/Petitioner Stephen Omar Durrant (Durrant) plead guilty under a Rule 11 agreement to conspiracy to import controlled substances and making a false statement during the acquisition of a firearm. The Court sentenced Durrant to 60 months, within the guideline range in the Rule 11 agreement of 57 to 71 months but below the probation department's calculated guidelines range of 70-87 months. Durrant appealed. The Court of Appeals for the Sixth Circuit dismissed the appeal, upholding the appellate waiver in the plea agreement and finding no miscarriage of justice. United States v. Durrant, No. 16-1861 (6th Cir. Apr. 13, 2017). Durrant then filed a pro se motion under 28 U.S.C. § 2255 raising several allegations of ineffective assistance of counsel. (Doc. 138). The Court denied the motion and declined to issue a certificate of appealability. (Doc. 149). Durrant has filed a notice of appeal from the denial of his § 2255 motion. (Doc. 152).

Before the Court is Durrant's motion to correct the record in which he contends that a portion of the transcript of his plea hearing is not accurate. For the reasons that follow, the motion is DENIED.

II.

A transcript of proceedings certified by the court reporter is "deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). Courts have held that, since the transcript is only prima facie correct, it may be corrected. See United States v. Carr, 496 F. Supp. 2d 837, 839 (S.D. Ohio 2005) (citations omitted).

III.

Durrant says that a portion of the transcript of his plea hearing is missing or has been omitted. The alleged missing portion relates to his ability for a safety value reduction. Durrant in particular says that the government agreed during the plea hearing that he was eligible for the safety valve. The certified transcript of the plea hearing (Doc. 98) does not contain any such statement by the government. The transcript does reflect that Durrant's trial counsel indicated there is a "potential" for the safety value to apply and the Court said trial counsel could argue for its application later.[1] (Doc. 98; Tr. 11/23/15, Pg ID 430). The court reporter has compared the back up audio and determined that the transcript accurately reflects the hearing. Under these

---

[1]Trial counsel did argue for the safety valve by motion (Doc. 109) and at sentencing (Doc. 135: Tr. 6/6/16, Pg ID 646). The government opposed the application. (Doc. 112). While the Court did not apply the safety valve, Durrant received a sentenced below the government's requested sentence of 71 months and below the probation department's guidelines range.

2

circumstances, there is no basis to correct the transcript.

SO ORDERED.

                                               S/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

Dated: 8/31/2018
      Detroit, Michigan